PERLEY N. KENNEDY *v.* JOHN K. DILLON & *a.*

*Homer S. Bradley* (by brief and orally), for the plaintiff.

*Arthur Olson* (by brief and orally), for the intervenors.

JOHNSTON, C. J. The date of the plaintiff's attachment was July 28, 1949. On February 1, 1949, Dillon gave to Hakala the following writing with respect to certain sawed lumber then stuck on the land of the plaintiff:

"Feb 1st 1949
I John K. Dillon of E. Jaffrey, N. H.
Sold to John Hakala of Marlboro, N. H.
52,900' of pine, spruce and Hemlock
Sq. Edge and 3800' of dry oak plus 1250'
of 1⅛ R. Edge Pine. Paid in full.
Signed
John K. Dillon."

The purpose of the writing was to enable Hakala to raise sufficient money to pay himself and also other outstanding debts of Dillon. After this claimed transfer Dillon continued to operate his sawmill for a month or two. There was no transfer of possession of the lumber to Hakala.

On February 7, Hakala borrowed the sum of $2,600 on a note signed by himself and the intervenor Beauregard. He gave to the latter a mortgage on the lumber described in the so-called bill of sale and other property, to secure Beauregard because of his liability. The proceeds of the note were used to pay more than $1,000 due Hakala for logs sold to Dillon, a previous note on which Hakala had been a surety for Dillon, certain outstanding defaulted checks given by Dillon and another debt of the latter for nearly $400.

The Court found that the plaintiff had no notice of the transfer of February 1, 1949, either at the time of the transfer when he was a creditor or at the time of his attachment. The written instrument was not recorded. If it could be considered to be in the nature of a mortgage it accordingly could not prevail over the attachment.

The parties to the transfer of February first did not comply with the requirements of the Sales in Bulk Act. R. L., c. 262, s. 43. The Court found that: "The attempted transfer from Dillon to Hakala on February 1st, 1949 was not a sale of the lumber in the usual course of business." No exception was taken to this finding. It was properly made from the evidence.

Hakala argues that he is entitled to subrogation to liens arising by virtue of R. L., c. 264, s. 14, for labor of persons whose wages he paid. But such liens continue for only ninety days (section 19), and have never been secured as required by section 20.

The Court was correct in adjudicating that any interest of the intervenor Hakala was subject to the plaintiff's lien. In accordance with the Sales in Bulk Act the transfer from Dillon to Hakala was in law "fraudulent and void." R. L., c. 262, s. 43.

However it has been established that the word "void" in the statute means "voidable" only at the instance of creditors of the vendor. *McGreenery* v. *Murphy*, 76 N. H. 338, 340; *Markarian* v. *Whitmarsh*, 78 N. H. 1, 2. An innocent purchaser for value may acquire a good title from a vendee who is subject to the provisions of the Sales in Bulk Act. In *Markarian* v. *Whitmarsh, supra,* it was held that a mortgagee who did not know of a sale in bulk to his mortgagor and who was not chargeable with knowledge of any facts

which would have put him upon inquiry as to its validity, acquired a lien valid against the creditor of the vendor.

The title of Beauregard under his mortgage is not affected by the rights of creditors of the vendor Dillon provided Beauregard was an innocent purchaser for value from the vendee Hakala. The signature of Beauregard on the $2,600 note was valuable consideration for the mortgage to secure him. There has been no finding as to whether he acquired his rights in good faith. There should be a new trial for the determination of this fact. If at the time of the receipt of his mortgage he knew that the sale to Hakala by Dillon did not comply with the Sales in Bulk Act or was put on inquiry as to its validity, then this mortgage is subordinate to the plaintiff's lien.

Of course, if the balance of the $2,600 note is paid by Hakala, Beauregard, the accommodation maker, has no interest to be considered by the plaintiff. This note is the primary obligation of Hakala and payment of it is his duty.

*New trial.*

All concurred.